**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MICHAEL KEITH CAPERS, :
:
        Petitioner, :   Civil No. 10-1644 (JBS)
:
    v. :   **OPINION**
:
STATE OF NEW JERSEY, et al., :
:
        Respondents. :

**APPEARANCES:**

Petitioner pro se
Michael Keith Capers
SBI 2409B
A.D.T.C
8 Production Way
P.O. Box 190
Avenel, NJ 07001

Counsel for Respondents
Robin A. Hamett
Assistant Prosecutor
Camden County Prosecutor's Office
25 North Fifth Street
Camden, NJ 08102

**SIMANDLE**, District Judge

    Petitioner Michael Keith Capers,[1] a prisoner currently confined at the Adult Diagnostic and Treatment Center at Avenel, New Jersey, ("A.D.T.C"), has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Capers names as respondents State of New Jersey and Craig Conway.

---

[1] The Court notes that along with the name Michael Keith Capers as listed on the docket, Petitioner also uses the name Keith Mitchell Capers, Keith Michael Capers, Keith M. Capers, and Keith Capers.

For the reasons stated herein, the Petition must be dismissed for lack of jurisdiction because it is a second or successive petition which petitioner has not been granted leave to file by the Court of Appeals as required under 28 U.S.C. § 2244(b).

## I. BACKGROUND

Petitioner was convicted in the Superior Court of New Jersey, Law Division, Camden County, of sexual assault, aggravated assault, and attempted murder on December 5, 2000. On February 16, 2001, the trial court imposed an aggregate term of 38 years of imprisonment, with 32 years, 3 months and 19 days of parole ineligibility.

Petitioner appealed to the New Jersey Superior Court, Appellate Division and his conviction was affirmed on May 1, 2003. The New Jersey Supreme Court denied his petition for certification on July 17, 2003. Trial court post conviction relief was denied on December 16, 2005.

On March 15, 2005, Petitioner filed his first § 2254 habeas petition related to the 2001 sentence in this Court and filed his amended petition on January 11, 2006. See Keith M. Capers v. Grace Rogers, et al., Civil Action No. 05-1567 (D.N.J.). On September 28, 2006, United States District Judge Noel L. Hillman denied that matter on the merits and ordered that no certificate of appealability would issue. Petitioner then applied to the

2

United States Court of Appeals for the Third Circuit, which denied the application on September 24, 2007.  Petitioner's petition for writ of certiorari to the United States Supreme Court was denied on October 14, 2008.  Petitioner also made an application for rehearing that was denied on January 12, 2009.

Petitioner then filed his pending, second petition for writ of habeas corpus pursuant to § 2254 in this Court on March 31, 2010 and his amended petition on May 13, 2010.

## II.  28 U.S.C. § 2254

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

With respect to any claim adjudicated on the merits in state court proceedings, the writ shall not issue unless the adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

3

Finally, a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).]

### III. ANALYSIS

This Court notes that while the amended petition references issues related to a 1981 trial, the confinement which Petitioner challenges in this pending petition is confinement imposed as a result of Petitioner's 2000/2001 conviction and sentence. The 1981 trial pertained to a completely unrelated set of criminal circumstances and as such, issues related to the 1981 trial are irrelevant in this pending petition.

This is Petitioner's second federal habeas petition challenging his 2000/2001 conviction and sentence. This fact requires this Court to consider whether this Petition is "second or successive" and, thus, whether this Court lacks jurisdiction to entertain it in the absence of an Order from the Court of Appeals for the Third Circuit permitting its filing. See 28 U.S.C. § 2244(b).

Title 28 of the United States Code, Section 2244(b)(3)(A), provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

If a second or successive petition is filed in the district court without such an order from the appropriate court of appeals, the district court may dismiss for want of jurisdiction or "shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. See also Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002) ("When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

Section 2244(b)(3) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") creates both procedural and substantive "gatekeeping" mechanisms for the consideration of "second or successive" habeas petitions. See Felker v. Turpin, 518 U.S. 651, 657 (1996); In re Minarik, 166 F.3d 591, 599-600 (3d Cir. 1999).

5

A petition is not necessarily "second or successive" merely because it follows an earlier federal petition. For example, where a first petition was dismissed for failure to exhaust state remedies, a subsequent federal petition is not "second or successive." Christy v. Horn, 115 F.3d 201, 208 (3d Cir. 1997). See also Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) (Section 2244(b) does not bar subsequent petitions where initial petitions were dismissed "for technical or procedural deficiencies that the petitioner can cure before refiling"); Murray v. Greiner, 394 F.3d 78 (2d Cir. 2005) (same).

"If, however, a petition is resolved in a way that satisfies a petitioner's one 'full and fair opportunity to raise a [federal] collateral attack,' then it does count for purposes of § 2244(b)." Altman v. Benik, 337 F.3d at 766. Courts are in agreement that, where an initial federal petition has been denied on the merits, a subsequent petition attacking the same judgment is "second or successive" within the meaning of § 2244. See Luckett v. McDaniel, 213 F.3d 642 (9th Cir.) (unpubl.), cert. denied, 531 U.S. 891 (2000); In re Page, 170 F.3d 659 (7th Cir.), supplemented by, 179 F.3d 1024 (7th Cir. 1999), cert. denied, 528 U.S. 1162 (2000); Dunn v. Singletary, 168 F.3d 440 (11th Cir. 1999); Corraro v. United States, 152 F.3d 188, 191 (2d Cir. 1998); United States v. Salemo, 2006 WL 1409743 (E.D. Pa. 2006);

Wilson v. York County Common Pleas Court, 2005 WL 1229719 (M.D. Pa. 2005); Paskins v. Carroll, 2002 WL 1268048 (D.Del. 2002).[2]

Here, Petitioner's previous federal habeas petition challenging the 2000/2001 conviction was denied on the merits. Thus, this Petition is "second or successive" within the meaning of § 2244 and this Court lacks jurisdiction to entertain it, absent authorization from the Court of Appeals.

If a "second or successive" habeas petition is filed in the district court without authorization from the appropriate court of appeals, the district court may dismiss for lack of jurisdiction or transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631.  See Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002), cert. denied, 540 U.S. 826 (2003).

Accordingly, this Court must determine whether transfer of this Petition to the Court of Appeals, for consideration as an application for leave to file a "second or successive" petition, would be in the interest of justice.  None of the claims asserted in this Petition arguably come within the substantive gatekeeping provisions of § 2244(b)(2).  Petitioner here challenges his custodial status related to the 2000/2001 conviction and

---

[2] Similarly, where a petition raises a claim that was or could have been raised in an earlier habeas petition decided on the merits, that claim clearly is "second or successive." Benchoff v. Colleran, 404 F.3d 812, 817 (3d Cir. 2005) (citing McCleskey v. Zant, 499 U.S. 467, 493-95 (1991) and Wise v. Fulcomer, 958 F.2d 30, 34 (3d Cir. 1992)).

sentence.  Petitioner's previous § 2254 petition has already challenged the same conviction and resulting custodial status.

This Court finds that this Petition is a "second or successive" petition over which it lacks jurisdiction.  This Court further finds that it is not in the interests of justice to transfer this action to the Court of Appeals for the Third Circuit, pursuant to 28 U.S.C. § 1631, as the Court of Appeals has already declined to grant Petitioner leave to proceed with his previous successive petition, and nothing in the present petition even attempts to satisfy the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2).  Accordingly, the Petition will be dismissed for lack of jurisdiction.

### IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate

to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The present case fails to meet this standard and no certificate of appealability will be issued.

## V.  CONCLUSION

For the reasons set forth above, the Petition must be dismissed for lack of jurisdiction.  An appropriate order follows.

 **s/ Jerome B. Simandle**  
Jerome B. Simandle  
United States District Judge

Dated: **March 10, 2011**